**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LATONYA BRANDON | CIVIL ACTION |
| VERSUS | |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE | NO. 10-817-BAJ-CN |

**RULING & ORDER**

This matter is before the Court on the Motion to Compel (R. Doc. 6) filed by defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"). Plaintiff, Latonya Brandon ("Brandon" or "plaintiff"), has not filed an opposition to this motion.

**FACTS & PROCEDURAL BACKGROUND**

Brandon filed this suit against LSU in state court on or about October 27, 2010, alleging that, during the Fall 2009 semester, she was "maliciously subjected to the filing or initiation of a complaint alleging violations of the LSU Code of Student Conduct" and that she was suspended from the university without sufficient probable cause or due process of law in violation of the Louisiana and U.S. Constitutions. On December 6, 2010, LSU removed the suit to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §1331.

On February 9, 2011, LSU propounded interrogatories to Brandon. Brandon responded to those interrogatories two (2) months after the deadline provided for by law, but according to LSU's present motion, two (2) of her interrogatory responses are deficient.

1

Specifically, LSU complains about Brandon's responses to Interrogatory Nos. 13 and 14, to which Brandon responded that she is "collecting [the responsive] information and will provide [it] in the near future." Despite such representation, Brandon still had not provided responses to Interrogatory Nos. 13 and 14 as of July 6, 2011, and LSU therefore filed this motion seeking to have the Court compel Brandon to produce complete responses to those interrogatories and to pay the reasonable expenses and attorney's fees that LSU incurred in connection with the filing of this motion.[1]

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on July 6, 2011, and the Court's electronic filing system

---

[1] The Rule 37 Certificate filed by LSU's counsel confirms that, prior to filing the present motion, he wrote a detailed letter to Brandon's counsel, on May 9, 2011, regarding his concerns with plaintiff's discovery responses and that, on May 26, 2011, he followed upon with Brandon's counsel by letter concerning the outstanding discovery requests. On both occasions, LSU's counsel "specifically drew attention to Plaintiff's failure to provide a substantive answer to Interrogatories 13 and 14" and "specifically stated on both occasions that[,] if answers were not forthcoming, LSU would have no choice but to file a motion to compel." R. Doc. 6-1, p. 1.

2

indicates that notice of the filing of the motion was sent to Brandon's counsel on that same date at 3:00 p.m. CDT. The opposition to the motion was therefore due on July 27, 2011, and on that date, Brandon filed a motion for extension of time to respond to the motion, which was ultimately granted by the Court, allowing Brandon an extension to September 9, 2011 to respond to the motion. Such September 9, 2011 deadline has now expired, and Brandon has never filed an opposition to the present motion. The motion is therefore deemed to be unopposed.

In addition to being unopposed, LSU's motion has merit and should be granted. Interrogatory Nos. 13 and 14 seek information that is relevant to Brandon's claim that the procedures utilized by LSU in suspending her from the university denied her due process and were malicious.[2][3] LSU is entitled to seek, through written discovery requests, any non-privileged information that is relevant to the plaintiff's claims, where the discovery "appears reasonably calculated to lead to the discovery of admissible evidence" concerning

---

[2] Interrogatory No. 13 seeks a detailed description of "the complete factual basis for [Brandon's] allegation that the filing of a complaint against [her] was 'malicious'." As part of her answer, she is to provide "a timeline of events, a list of witnesses with knowledge, and a list of documents that specifically support [her] allegation of maliciousness."

Interrogatory No. 14 requests a detailed description of the "complete factual basis of [Brandon's] allegation that [she was] suspended from LSU 'without sufficient probable cause or due process of law." As part of her answer, Brandon is asked to "specifically identify those elements of the disciplinary process that denied [her] due process of law" and to "specifically identify what in [her] opinion LSU should have done differently to protect [her] due process rights." She is also requested to provide "a timeline of events, a list of witnesses with knowledge, and a list of documents that specifically support [her] allegation that [she was] denied due process of law."

[3] LSU argues, in its motion, that Brandon's responses to Interrogatory Nos. 13 and 14 are particularly relevant since LSU contends that she received "more process than what is required" because she undisputedly received a hearing prior to her suspension, even though the Due Process Clause does not require a hearing under such circumstances. LSU correctly points out that Brandon cannot simply assert conclusory allegations of a due process violation and must, through discovery, point to specific factual allegations supporting her contention that LSU denied her due process of law and that its actions in connection with her disciplinary proceedings and suspension were malicious.

such claims. See, Fed. R. Civ. P. 26(b)(1). Because Brandon failed to submit complete responses or objections to the subject interrogatories within thirty (30) days after such requests were served and did not obtain a court order or a written agreement from LSU extending the time period within which to respond in accordance with Fed. R. Civ. P. 33,[4] LSU is entitled to an order compelling Brandon to respond to Interrogatory Nos. 13 and 14 within fifteen (15) days of this Order[5] and to an award of the reasonable expenses and attorney's fees that it incurred in bringing this motion pursuant to Fed. R. Civ. P. 37 (a)(5)(A).[6]

---

[4] As a general rule, when a party fails to object timely to interrogatories, objections thereto are waived. *Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563 (S.D.Fla. 2011), quoting *In re U.S.*, 864 F.2d 1153 (5th Cir. 1989). Because numerous months have passed since the deadline for Brandon to submit any objections to Interrogatory Nos. 13 and 14, such objections would likely be considered waived in the event she asserts them at this late date.

[5] Brandon's failure to timely cooperate in discovery is contrary to her request to the Court (in the status report) to have an expedited pre-trial schedule and trial date before the year's end since timing is allegedly "of the essence" in this matter.

[6] Fed. R. Civ. P. 37(a)(5)(A) provides that, if a motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Since LSU was unable to obtain complete responses to Interrogatory Nos. 13 and 14 from Brandon, despite good faith efforts prior to court intervention, and Brandon has not established that her failure to timely produce responses to such discovery requests was substantially justified or that an award of expenses to LSU is unjust, the Court finds that an award of reasonable expenses and fees to LSU is warranted under Rule 37(a)(5)(A).

Accordingly;

**IT IS ORDERED** that the Motion to Compel (R. Doc. 6) filed by defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, is hereby **GRANTED**, and that plaintiff, Latonya Brandon, shall provide complete responses to LSU's Interrogatory Nos. 13 and 14 within fifteen (15) days of the date of this Order.

**IT IS FURTHER ORDERED** that LSU is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this motion to compel and that, in connection with that award, the parties are to do the following:

(1) If the parties agree to the amount of attorney's fees and costs, plaintiff and/or her counsel shall pay that amount;

(2) If the parties do not agree to the amount, LSU shall, within fifteen (15) days of the date this Order is signed, submit to the Court a report setting forth the amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall have ten (10) days after the filing of LSU's report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, September 12, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**